UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

**FILED**

**JUL 07 2026**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| XIULING LI,<br>　　　　　*Plaintiff,*<br><br>v.<br><br>THE INDIVIDUALS,<br>CORPORATIONS, LIMITED<br>LIABILITY COMPANIES,<br>PARTNERSHIPS, AND<br>UNINCORPORATED ASSOCIATES<br>IDENTIFIED ON SCHEDULE A,<br>　　　　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

Case No.: **WA:26-CV-00320-EG**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation (the "Recommendation"), ECF 8, of the Honorable Derek T. Gilliland, United States Magistrate Judge, entered on June 22, 2026. Judge Gilliland recommends that the Court **DENY** Plaintiff's Sealed Ex Parte Motion for Entry of a Temporary Restraining Order, Including a Temporary Asset Restraint, and Expedited Discovery, and Alternative Service (the "Motion"), ECF 5, filed on June 1, 2025. Upon review of the Recommendation, the record, and the applicable law, the Court **ADOPTS** the Recommendation and **DENIES** the Motion in its entirety.

This case arises from Plaintiff's allegations of design patent infringement relating to children's cameras sold through e-commerce storefronts. (R&R 1, ECF No. 8). Specifically, Li alleges that Defendants imported and sold children's cameras incorporating circuit boards that appropriate the ornamental design protected by U.S. Design Patent No. D1,082,732S (the "732S Patent"), in which she holds all right, title, and interest. (*Id.* at 1). Li has brought suit against twenty-nine Defendants that operate e-commerce stores marketing those cameras and now seeks ex parte relief to halt the ongoing sales and to secure assets and information associated with the

1

alleged infringement. (*Id.* at 2). In particular, she moves for an ex parte temporary restraining order enjoining the sale of the children's cameras, a pre-judgment seizure of Defendants' bank accounts, expedited discovery directed to Defendants' banking and payment processors, and leave to effect service of process by email under Federal Rule of Civil Procedure 4(f)(3). (*Id.*).

None of the Parties have filed an objection to the Recommendation "within fourteen days after being served with a copy . . . ." 28 U.S.C. § 636(b)(1). Accordingly, the Court reviews the Recommendation to determine whether it is "clearly erroneous or contrary to law." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A)).

The Court concludes that the findings and conclusions within the Recommendation are neither clearly erroneous nor contrary to law. Plaintiff's Motion relies on boilerplate, generalized allegations asserted in similar Schedule A cases that courts have held to be insufficient to warrant an ex parte temporary restraining order. (*Id.* at 4); *Viahart, LLC v. Does 1-73*, No. 6:18-CV-604-RWS-KNM, 2018 WL 6929341, at *3–4 (E.D. Tex. Dec. 7, 2018), *report and recommendation adopted sub. nom., Viahart, LLC v. Does 1-54*, No. 6:18-CV-604-RWS, 2019 WL 2127307 (E.D. Tex. May 15, 2019) (collecting cases). Such generalized assertions do not overcome Defendants' right to an opportunity to first be heard, rendering ex parte relief improper. (*Id.* at 5); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974).

Even assuming *arguendo* that the requested relief could be issued ex parte, Plaintiff has not shown a substantial likelihood of success on the merits. (*Id.* at 6). Although "generally concealed features are not proper bases for design patent protection," the screenshots of the accused cameras provided by Plaintiff "reveal no circuit boards." (*Id.* at 7); *KeyStone Retaining Wall Sys. Inc. v. Westrock Inc.*, 997 F.2d 1444, 1451 (Fed. Cir. 1993). Plaintiff herself "admits that

2

the circuit boards would not be 'ordinarily visible' to the typical consumer." (*Id.*). Accordingly, Plaintiff has not met her burden required for a temporary restraining order.

**IT IS THEREFORE ORDERED** that the Honorable Magistrate Judge Derek T. Gilliland's Report and Recommendation, ECF 8, be **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff Xiuling Li's Sealed Ex Parte Motion for Entry of a Temporary Restraining Order, Including a Temporary Asset Restraint, and Expedited Discovery, and Alternative Service, ECF 5, be **DENIED** in its entirety.

**SIGNED**, this ___7th___ day of July 2026.

_____

ERNEST GONZALEZ
UNITED STATES DISTRICT JUDGE

3